IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAUL VALDEZ AND CURRIE BYRD, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ASSIETTE, LLC D/B/A TARDIF'S AMERICAN BRASSERIE AND JEAN YVES TARDIF, INDIVIDUALLY<br><br>Defendants | Civil Action No. 1:23-cv-257 |

# PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Paul Valdez and Currie Byrd ("Named Plaintiffs") bring this Complaint on behalf of themselves and all others similarly situated persons ("Class Members") against the above-named Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

## I. NATURE OF SUIT

1. Defendants Assiette, LLC and Jean Paul Tardif own and operate a restaurant in San Antonio under the name "Tardif's American Brasserie." Defendants employed Named Plaintiff Valdez as a server from January 2021 through November 26, 2022, and employed Named Plaintiff Byrd as a server and a bartender from October 2021 through March 2022.

2. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendants' compensation policies, Named Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b).

3. The FLSA requires that employers pay a minimum wage of at least $7.25 per hour to their employees. 29 U.S.C. § 206(a). However, the tip credit provisions of the FLSA permit an employer to credit a portion of a tipped employees' tips toward the employer's federal minimum wage obligations. 29 U.S.C. § 203(m). As this tip credit can be up to $5.12 per hour, an employer utilizing the tip credit provisions can pay tipped employees as little as $2.13 per hour. *Id.*

4. Defendants have a policy and practice of paying all bartenders and servers, including Named Plaintiffs and the Class Members, a subminimum wage of between $2.13 and $3.25 per hour pursuant to the tip credit provisions of the FLSA.

5. In order to utilize the tip credit allowance, an employer must first inform affected employees of the provisions of 29 U.S.C. 203(m).

6. The employer bears the burden of proving its entitlement to take the tip credit. *See Pedigo v. Austin Rumba, Inc.*, 722 F.Supp. 2d 714, 724 (W.D.Tex. 2010). These prerequisites are strictly construed, and an employer that fails to satisfy these requirements forfeits the tip credit. *Id.* at 722.

7. Defendants have forfeited the tip credit for hours worked by their bartenders and servers, including Named Plaintiffs and the Class Members, by failing to provide all of the predicate notice required by 29 U.S.C. 203(m).

8. The tip credit rules further require that all tips received by an employee be retained by that employee, excepting only those tips included in a lawfully administered mandatory tip pool. 29 U.S.C. § 203(m). Defendants, as a matter of policy and practice, required their bartenders and servers, including Named Plaintiffs and the Class Members, to participate in a mandatory tip pool operated by Defendants.

9. Participation in a mandatory tip pool must be limited to employees who customarily and regularly receive tips. *Id.*; 29 CFR § 531.54(c). Under no circumstances may employers require

employees to share tips with the employer or with the employer's managers and supervisors. *Id.* Defendants have forfeited the tip credit for all hours worked by Assiette's bartenders and servers, including Named Plaintiffs and the Class Members, by requiring their participation in an invalid mandatory tip pool.

10. Defendants' tip pool was invalid as it improperly distributed Named Plaintiffs' and Class Members' tips to (a) employees that did not regularly and customarily receive tips, such as Defendants' kitchen staff and to (b) supervisory employees, most notably, Defendants' executive chef.

11. Additionally, an employer may not take the tip credit for work that is not tip-producing, and which does not directly support tip-producing work. 29 CFR § 531.56(f). The employer must instead pay the minimum wage for such work. As a matter of policy and practice, Defendants have failed to pay their bartenders and servers, including Named Plaintiffs and the Class Members, the required federal minimum wage for the performance of nontipped work unrelated to their tipped occupation.

12. While an employer may take the tip credit for nontipped work that directly supports tip-supporting work, such credit is limited to tip-supporting work lasting no more than 30 minutes at a time, and may not be applied to tip-supporting work which exceeds 20% of the hours worked in the workweek. 29 CFR § 531.56(f)(3). As a matter of policy and practice, Defendants have failed to pay their bartenders and servers, including Named Plaintiffs and the Class Members, the required federal minimum wage for non-tipped work in support of the tipped occupation where such supporting work exceeded 30 minutes at one time or exceeded 20% of the hours worked in the workweek.

13. Defendants also violated the FLSA by not paying the minimum "tipped" hourly rate in that

Defendants required their tipped employees to pay for items for their "uniform," such as specific styles of shirts, vests, bowties, pants, belts, and non-slip shoes. These clothing items were required to perform work for Defendants and were primarily for the benefit and convenience of Defendants. The costs for these items were not reimbursed by Defendants.

14. Defendants' illegal practices in violation of the FLSA have resulted in a forfeiture of the "tip credit." Consequently, Defendants are liable to Named Plaintiffs and the Class Members for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA, including liquidated damages, attorneys' fees, and costs.

15. Defendants are also liable for the amount of Named Plaintiffs' and Class Members' tips unlawfully kept by the Defendants during the three year period preceding this lawsuit.

16. Furthermore, Section 207(a) of the FLSA requires covered employers to compensate their non-exempt employees in an amount not less than one-and-a-half times their regular rate of pay for each hour worked in excess of forty (40) in a given week. 29 U.S.C. § 207(a)(1).

17. Named Plaintiffs and the Class Members were non-exempt from overtime and routinely worked in excess of forty (40) hours in a single workweek. However, Defendants did not compensate Named Plaintiffs or the Class Members at time and one half their regular rate for the hours worked after forty (40) each workweek.

18. Defendants are therefore liable to Named Plaintiffs and the Class Members for payment of overtime wages at one-and-one half times their regular rate for all hours worked over forty (40) in each workweek plus an additional amount as liquidated damages.

## II. PARTIES

19. Named Plaintiff Paul Valdez is an individual who resides in Bexar County, Texas. He was

employed by Defendants as a server during the three-year period preceding the filing of this lawsuit. Named Plaintiff Paul Valdez has consented to be a party-plaintiff to this action, as indicated by his consent form, which is attached hereto as "Exhibit A."

20. Named Plaintiff Currie Byrd is an individual who resides in Bexar County, Texas. He was employed by Defendants as a bartender and server during the three-year period preceding the filing of this lawsuit. Named Plaintiff Currie Byrd has consented to be a party-plaintiff to this action, as indicated by his consent form, which is attached hereto as "Exhibit B."

21. The Class Members are all present and past bartenders and servers employed by Defendants during the three-year period preceding the filing of this lawsuit.

22. Defendant Assiette, LLC ("Assiette") is a Texas limited liability company that is currently authorized to do business in Texas and that is doing business in Texas, with its principal place of business in San Antonio, Texas.

23. Assiette's registered agent for service of process is PS Personalized Service, who can be served at 29101 FM 2978 Rd., Suite B-3, Magnolia, Texas 77354.

24. At all times relevant to this claim, Defendant Assiette, LLC was an employer of Named Plaintiffs and the Class Members as defined by 29 U.S.C. §203(d).

25. Defendant Jean Yves Tardif is an individual residing in Bexar County, Texas.

26. At all times relevant to this claim, Defendant Jean Yves Tardif was the owner of Assiette, LLC.

27. Defendant Jean Yves Tardif may be served with process at 23110 West I-10, Suite 201, San Antonio, Texas 78257, or wherever he may be found.

28. At all times relevant to this claim, Defendant Jean Yves Tardif was an employer of Named Plaintiffs and the Class Members as defined by 29 U.S.C. §203(d).

29. At all times relevant to this claim, Jean Yves Tardif acted directly or indirectly in the interest of Defendant Assiette, LLC in relation to the employment of Named Plaintiffs and the Class Members.

30. At all times hereinafter mentioned, Jean Yves Tardif exercised managerial responsibilities and substantial control over Defendants' employees, including Named Plaintiffs and the Class Members, and the terms and conditions of their employment.

31. Jean Yves Tardif had and exercised the authority to hire, fire and direct Defendants' employees, including Named Plaintiffs and the Class Members.

32. Jean Yves Tardif had and exercised the authority to supervise and control the employment relationships and work schedules of Defendants' employees, including Named Plaintiffs and the Class Members.

33. Jean Yves Tardif had and exercised the authority to set and determine the rate and method of pay of Defendants' employees, including Named Plaintiffs and the Class Members.

34. Jean Yves Tardif had and exercised the authority to decide whether Defendants' employees, including Named Plaintiffs and the Class Members, received proper minimum wage and overtime compensation.

35. Jean Yves Tardif also kept and maintained employment records for all of Defendants' employees, including Named Plaintiffs and the Class Members.

## III. JURISDICTION AND VENUE

36. This Court has subject matter jurisdiction in this matter because the claims in this lawsuit arise under a federal law, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. 28 U.S.C. § 1331.

37. This Court has personal jurisdiction over all parties to this action.

38. Venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas as all Defendants are residents of San Antonio, Texas, and as a substantial part of the events or omissions giving rise to the claim occurred in Bexar County, Texas. 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

39. At all relevant times Defendants have each, individually and jointly, been an "employer" of Named Plaintiffs and the Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40. At all relevant times, Defendants have each been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA by being, through unified operation or common control, engaged in the performance of related activities for a common business purpose - namely operating Assiette, LLC, which employed Named Plaintiffs and Class Members and Class Members. 29 U.S.C. § 203(r).

41. At all relevant times, Defendant Assiette, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA. 29 U.S.C. § 203(s)(1).

42. At all relevant times, Defendant Assiette, LLC had an annual gross volume of sales made or business done of not less than $500,000.

43. At all relevant times, Named Plaintiffs and Class Members, as employees of Defendants, were engaged in commerce or in the production of goods for commerce, or were employed by Defendants in an enterprise engaged in commerce or in the production of goods for commence. 29 U.S.C. § 206(a).

44. Defendants' bartenders and servers, including Named Plaintiffs and the Class Members, handled and sold food, alcoholic beverages, and non-alcoholic beverages that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b). Defendants' bartenders and servers, including Named Plaintiffs and the Class Members, also handled and otherwise worked with cleaning equipment, trash bags, toilet paper, paper towels, cleaning chemicals, and service ware (utensils, cups, straws, napkins, etc.) that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

45. Defendants own and operate Tardif's American Brasserie in San Antonio, Texas. Defendants employ servers, bartenders and kitchen staff, but do not employ barbacks or busboys. Work typically performed by barbacks or busboys is performed by Defendants' servers and bartenders.

46. In an attempt to subsidize wages paid to the kitchen staff and to the executive chef, Defendants forced its servers and bartenders to engage in a mandatory tip pool which was shared with both kitchen staff and Defendants' executive chef.

47. Defendants required its servers and bartenders to contribute 10% of their tips earned each night to this mandatory tip pool.

48. Defendants employed Named Plaintiffs as and Class Members as servers and/or bartenders within the three (3) year period preceding the filing of this lawsuit.

49. As part of the payment scheme that Defendants used to compensate Named Plaintiffs and the Class Members, Defendants paid Named Plaintiffs and the Class Members a subminimum hourly wage while purportedly utilizing the tip credit as a defense to Defendants' obligation to pay the full minimum wage.

50. Named Plaintiffs and the Class Members have been victimized by Defendants' payment scheme that violates the FLSA. Specifically, Defendants violated the FLSA by (1) failing to inform Named Plaintiffs and the Class Members of all of the tip credit provisions of the FLSA; (2) not allowing Named Plaintiffs and the Class Members to retain all of their tips; (3) requiring Named Plaintiffs and the Class Members to contribute a portion of their tips to an illegal tip pool; (4) requiring Named Plaintiffs and the Class Members to incur and pay for business expenses while paying them a subminimum hourly wage; (5) requiring Named Plaintiffs and the Class Members to perform non-tipped work that, although related to their tipped occupation, exceeded 30 minutes per day and/or twenty percent (20%) of their time worked during each workweek, and (6) requiring Named Plaintiffs and the Class Members to perform nontipped work unrelated to their tipped occupation (i.e., "dual jobs"). Therefore, based upon any one or more of the foregoing violations, Defendants violated the minimum wage provisions of the FLSA as cited in 29 U.S.C. § 206 and are prevented from utilizing the tip credit as an affirmative defense to the payment of the full minimum wage under Section 206.

51. As a condition of claiming the tip credit, Defendants were obligated to provide their bartenders and servers, including Named Plaintiffs and the Class Members, with the statutory notice required by 29 U.S.C. 203(m). This notice requires disclosure of (1) the amount of the cash wage that is to be paid to the tipped employees; (2) the amount by which the wages of the tipped employee are increased by the tip credit; (3) notice that all tips received by the employee must be

retained by the employee, excepting only a tip pool among employees who customarily and regularly receive tips; and (4) that an employer may not keep tips received by its employees for any purposes, and may not allow managers or supervisors to keep any portion of employees' tips. 29 U.S.C. § 203(m). If the employer fails to provide this notice, the employer loses its right to avail itself of the tip credit. 29 C.F.R. § 531.59(b); *see Martin v. Tango's Rest., Inc.,* 969 F.2d 1319, 1323 (1st Cir. 1992) (stating that if the penalty for failing to adhere to the FLSA's notice provisions of the tip credit seems harsh, "it is also true that notice is not difficult for the employer to provide.").

52. As Defendants failed to provide all elements of the notice required by 29 U.S.C. 203(m) to Named Plaintiffs and the Class Members, they have forfeited the tip credit as to Named Plaintiffs and the Class Members during all relevant times.

53. In addition, Defendants had a pattern and practice of requiring Named Plaintiffs and the Class Members to contribute a portion of their tips to a tip pool. Specifically, Defendants required Named Plaintiffs and the Class Members to contribute tips to a tip pool that was distributed among Defendants' kitchen staff and executive chef.

54. Defendants' pattern and practice of requiring Named Plaintiffs and the Class Members to share tips with other employees who do not customarily receive tips results in Defendants' forfeiture of the tip credit. *See Wajcman v. Inv. Corp. of Palm Beach*, 620 F. Supp. 2d 1353, 1356 n.3 (S.D. Fla. 2009) (citing 29 U.S.C. § 203(m)) ("[i]f tipped employees are required to participate in a tip pool with other employees who do not customarily receive tips, then the tip pool is invalid and the employer is not permitted to take a 'tip credit.'"); *See also* 29 U.S.C. § 203(m)(2)(B) ("[a]n employer may not keep tips received by its employees for any purposes . . . regardless of whether or not the employer takes a tip credit.").

55. Because Defendants required Named Plaintiffs and the Class Members to share tips with other employees who do not customarily receive tips and with management, Defendants failed to adhere to condition two of 29 U.S.C. § 203(m) and have thus violated the minimum wage as cited in 29 U.S.C. § 206. Therefore, Defendants are prevented from using the tip-credit as a defense to the payment of the full minimum wage.

56. Moreover, Defendants violated the FLSA by not paying the minimum "tipped" hourly rate in that Defendants required their tipped employees to pay for items for their "uniform," such as specific styles of shirts, vests, bowties, pants, belts, and non-slip shoes. These clothing items were required to perform work for Defendants and were primarily for the benefit and convenience of Defendants. The costs for these items were not reimbursed by Defendants.

57. Because Defendants paid their tipped employees at the subminimum "tip credit" rate, any week in which a tipped employee was required to pay for work-related expenses for Defendants' business, they were not even paid the minimum statutory hourly rate to claim the tip credit, thereby negating Defendants' entitlement to the tip credit.

58. In other words, by requiring Named Plaintiffs and the Class Members to pay for these work-related expenses, their hourly rates of pay were reduced by the amount of these uniform costs. As a result, they were not paid the minimum hourly rate necessary for Defendants to claim the tip credit.

59. Defendants violated the FLSA by enforcing a policy and practice of paying Named Plaintiffs and the Class Members a subminimum hourly wage to perform non-tipped work that was unrelated to their tipped occupation (i.e., "dual jobs"). Specifically, Defendants regularly required Named Plaintiffs and the Class Members to perform nontipped duties unrelated to performing tasks as a waiter and/or bartender such as making grocery runs to the nearest grocery, dusting furniture,

sweeping and mopping floors, washing dishes, taking out trash, and other cleaning duties.

60. Defendants further violated the FLSA by enforcing a policy and practice of paying Named Plaintiffs and the Class Members a subminimum hourly wage to perform duties related to their jobs as servers and/or bartenders. Defendants regularly required Named Plaintiffs and the Class Members to perform non-tipped duties related to their tipped occupations, including cleaning and polishing glassware and silverware, stocking glassware, stocking coolers, cleaning kitchen and bar equipment and other "side-work." These non-tipped duties related to Named Plaintiffs' and the Class Members' tipped occupations exceeded 30 minutes per day and/or twenty percent (20%) of their time worked during each workweek.

61. Because Defendants violated the requirements to claim the tip credit, Defendants lost the right to take a credit toward their minimum wage obligation to Named Plaintiffs and the Class Members.

62. In addition to the minimum wage violations, Named Plaintiffs and the Class Members were victimized by Defendants' payment scheme that violates the FLSA's overtime requirement under Section 207.

63. During the three-year period preceding the filing of this lawsuit, Named Plaintiffs and the Class Members routinely worked more than forty (40) hours in a single workweek.

64. Named Plaintiffs and the Class Members did not perform job duties that warrant exempt status under the FLSA overtime provisions.

65. During the three-year period preceding the filing of this lawsuit, Defendants failed to pay Named Plaintiffs and the Class Members any overtime premiums for hours worked over forty (40) in a single workweek, despite Named Plaintiffs and the Class Members being non-exempt from overtime.

66. Defendants' method of paying Named Plaintiffs and the Class Members in violation of the FLSA was willful and was not based on good-faith or reasonable belief that their conduct complied with the FLSA. Therefore, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. §255(a).

## VI. COLLECTIVE ACTION ALLEGATIONS

67. Named Plaintiffs and the Class Members have performed, and are performing, the same or similar job duties as one another in that they work or have worked as bartenders and/or servers for Defendants.

68. Named Plaintiffs and the Class Members were subjected to the same pay provisions and policies in that Defendants paid them all a subminimum hourly wage of between $2.13 to $3.25, to which Defendants applied a tip credit of $5.12 per hour.

69. Named Plaintiffs and the Class Members were subjected to the same pay provisions and policies in that Defendants (1) failed to inform them of all of the tip credit provisions of the FLSA; (2) failed to allow them to retain all of their tips; (3) required them to contribute a portion of their tips to an illegal tip pool; (4) required them to incur and pay for business expenses while paying them a subminimum hourly wage; (5) required them to perform non-tipped work that, although related to their tipped occupation, exceeded 30 minutes per day and/or twenty percent (20%) of their time worked during each workweek, and (6) required them to perform nontipped work unrelated to their tipped occupation (i.e., "dual jobs"). Therefore, based upon any one or more of the foregoing violations, Defendants violated the minimum wage provisions of the FLSA as cited in 29 U.S.C. § 206 and are prevented from utilizing the tip credit as an affirmative defense to the payment of the full minimum wage under Section 206.

70. Named Plaintiffs and the Class Members were also subjected to the same pay provisions

and policies in that Defendants failed to pay Named Plaintiffs and the Class Members overtime premiums for any hours worked over forty (40) in a single workweek, despite Named Plaintiffs and the Class Members being non-exempt from overtime.

71. These policies or practices are and have been, at all relevant times, applicable to both the Named Plaintiffs and the Class Members. Application of these policies or practices does not depend on the personal circumstances of the Named Plaintiffs or those joining this lawsuit. Rather, the same policies and practices that resulted in the non-payment of minimum wage and overtime compensation to Named Plaintiffs also apply to all Class Members.

72. Named Plaintiffs have actual knowledge, through personal observation and conversations with co-workers, that a collective of similarly situated employees exist who share the same duties, who have been subjected to the same policies and practices of Defendants, and who were subject to the same violations of the FLSA.

73. Named Plaintiffs and the Class Members are owed the full minimum wage for their hours worked for the same reasons as Named Plaintiffs, without regard to their individualized circumstances. Named Plaintiffs and the Class Members are also owed reimbursement for the tips they were forced to share with managers and non-employees. Named Plaintiffs and the Class Members are owed reimbursement for all time all time they spent on non-tipped tip-supporting work that exceeded 30 continuous minutes in length or 20% of the hours worked in the workweek, as well as all time spent performing nontipped work unrelated to their tipped occupation. Finally, Named Plaintiffs and the Class Members are owed all unpaid overtime premiums for all work performed above forty hours in a workweek.

74. Defendants knew or should have known that their policies and practices violated the FLSA, and have not made a good faith effort to comply with the FLSA. Rather, Defendants acted

knowingly, willfully, or with reckless disregard of the law. Defendants carried out and continued to carry out their illegal pattern and practice regarding their tipped employees as described in this Complaint.

75. The names and addresses of the Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, by posting a notice in common work/rest areas, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

76. Although the exact amount of damages may vary among the Named Plaintiffs and the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula, and the hours worked may be obtained from Defendants' records.

77. As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former bartenders and servers employed by Defendants for at least one week during the three-year period prior to the filing of this lawsuit through the final resolution of this action.**

## VII. CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

78. During the relevant period, Defendants have violated and are violating Section 6 of the FLSA, 29 U.S.C. §§ 206, and 215(a)(2), by employing Named Plaintiffs and the Class Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, and failing to pay them at the minimum wage rate.

79. Defendants failed to pay Named Plaintiffs and the Class Members the full minimum wage according to the provisions of the FLSA for each hour and workweek that Named Plaintiffs and

the Class Members worked for Defendants during the statutory time period in violation of 29 U.S.C. § 206(a).

80. In addition, to the extent Defendants intend to rely on the "tip credit" as an affirmative defense to the payment of minimum wage, Defendants have violated the tip credit because Defendants: (1) failed to fully inform Named Plaintiffs and the Class Members of the tip credit provisions; (2) did not allow Named Plaintiffs and the Class Members to retain all their tips; (3) required Named Plaintiffs and the Class Members to contribute a portion of their tips to an illegal tip pool; (4) required Named Plaintiffs and the Class Members to incur and pay for business expenses while paying them a subminimum hourly wage; (5) required Named Plaintiffs and the Class Members to perform non-tipped work that, although related to their tipped occupations, exceeded 30 minutes per day and/or twenty percent (20%) of their time worked during each workweek, and (6) required Named Plaintiffs and the Class Members to perform nontipped work unrelated to their tipped occupations (i.e., "dual jobs").

81. Defendants' illegal practices in violation of the FLSA have resulted in Defendants' forfeiture of the tip credit, and therefore, Defendants are precluded from relying on tips to supplement Named Plaintiffs' and the Class Members' subminimum hourly rate. Consequently, Defendants are liable to Named Plaintiffs and the Class Members for the full minimum wage for every hour worked during the statutory time period plus all other statutory damages provided for under the FLSA.

82. At all times relevant, Defendants compensated Named Plaintiffs and the Class Members less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Named Plaintiffs and

the Class Members.

83. As a result, Defendants violated Section 206 of the FLSA by paying Named Plaintiffs and the Class Members less than the federally mandated minimum wage of $7.25 per hour. *See* 29 U.S.C. §206.

84. Defendants have acted willfully in failing to pay Named Plaintiffs and the Class Members in accordance with applicable law.

## COUNT II
## UNLAWFUL KICKBACKS UNDER THE FAIR LABOR STANDARDS ACT

85. The business expenses that Defendants required Named Plaintiffs and the Class Members to pay and the mandatory tip-outs that Defendants required from Named Plaintiffs and the Class Members constitute unlawful "kick-backs" to an employer, which is prohibited by the FLSA, 29 U.S.C. § 203(m).

86. In addition, section 203(m)(2) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

87. The unlawful kickbacks received or required by Defendants were obtained knowingly, willfully, intentionally, or in bad faith.

88. Named Plaintiffs and the Class Members are entitled to an award of back pay for all unlawful kickbacks required by Defendants.

## COUNT III
## MONEY HAD AND RECEIVED
## UNDER THE COMMON LAW OF TEXAS

89. By requiring Named Plaintiffs and the Class Members to share their tips with Defendants, Defendants obtained money which in equity and good conscience belongs to Named Plaintiffs and the Class Members. *See H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App.—Fort Worth

2012, no pet.) (*citing Staats v. Miller*, 150 Tex. 581, 584, 243 S.W.2d 686, 687 (1951)) ("Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another.").

90. Defendants obtained Named Plaintiffs and the Class Members' tips maliciously.

## COUNT IV
## FAILURE TO PAY OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

91. Named Plaintiffs and the Class Members were all non-exempt employees entitled to the statutorily mandated overtime wages for all hours worked over forty (40) in a single workweek.

92. Defendants failed to pay Named Plaintiffs and the Class Members one-an-one half times their regular rate for all hours worked over forty (40) each workweek. Instead, as described above, in violation of Section 207 of the FLSA, Defendants failed to pay Named Plaintiffs and the Class Members for overtime hours.

93. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendants or Named Plaintiffs and the Class Members.

94. As a result, Defendants violated Section 207 of the FLSA by paying Named Plaintiffs and the Class Members less than one-and-one-half their regular rate for hours worked over forty (40) in a workweek. See 29 U.S.C. Sec. 207.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiffs pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid wages (including all misappropriated tips and all unlawful expenses incurred) due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid wages (including all misappropriated tips and all paid business expenses incurred) found due to Named Plaintiffs (and those who may join the suit);

b. For an Order awarding Named Plaintiffs (and those who may join in the suit) exemplary damages;

c. For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

d. For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees;

e. For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and the common law of the State of Texas; and

g. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

WELMAKER LAW, PLLC

/s/ *Douglas B. Welmaker*
**Douglas B. Welmaker**
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**